UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Roy Michael Duchene,

  Petitioner,

v.

Joan Fabian, Lori Swanson, and David Crist,

  Respondents.

Civil No. 07-3953 (MJD/SRN)

**REPORT AND RECOMMENDATION**

  Roy Michael Duchene, Minnesota Correctional Facility, Lino Lakes, Minnesota 55014, pro se.

  Kimberly Parker and Peter Marker, Office of the Minnesota Attorney General, 445 Minnesota Street, St. Paul, Minnesota 55101, for Respondents.

SUSAN RICHARD NELSON, United States Magistrate Judge

  The above-captioned case is before the undersigned United States Magistrate Judge on Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Doc. No. 1), Respondents' Motion to Dismiss (Doc. No. 5), and Petitioner's Motion to Dismiss Respondents' Answer and Motion to Dismiss (Doc. No. 7). The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Minnesota Local Rule 72.1. For the reasons discussed below, the Court recommends that Respondents' Motion to Dismiss be granted, Petitioner's Motion to Dismiss be denied, and Petitioner's Application for Habeas Corpus Relief be denied.

**I. BACKGROUND**

  In August 2005, Petitioner was tried and convicted by a jury in Kanabec County, Minnesota, of aiding and abetting a first-degree controlled substance crime in violation of Minn.

Stat. §§ 152.021, subd. 2(a), and 609.05, subd. 1 (manufacturing methamphetamine); a first-degree controlled substance crime in violation of Minn. Stat. § 152.021, subd. 2(1) (possession of methamphetamine); and possession of a short-barreled shotgun in violation of Minn. Stat. § 609.67, subd. 2. Petitioner was sentenced to eighty-six months in prison for manufacturing methamphetamine and fifteen months in prison for possessing the short-barreled shotgun, to be served concurrently. Petitioner is presently incarcerated at the Minnesota Correctional Facility in Lino Lakes.

Prior to trial, Petitioner alleged that the search warrant for his property was invalid, and he moved to suppress evidence found during the search. An omnibus hearing was held, and the trial judge denied Petitioner's motion.

On direct appeal of his conviction and sentence, Petitioner's counsel filed a brief raising three issues. (Appellant's Br., Appendix; Doc. No. 4.) The issues were stated as follows: (1) whether the search warrant was invalid because of reckless or intentional misrepresentations of fact in the underlying application; (2) whether the trial court erred by denying appellant's motion for a mistrial where the prosecutor failed to disclose that a sheriff had found no relevant evidence during a search; and (3) whether the testimony of a police officer extended beyond the bounds of permissible expert testimony because he testified about irrelevant and inflammatory information relating to the hazards of methamphetamine manufacturing and gave a legal conclusion regarding what constituted circumstantial evidence of manufacturing.

Petitioner also filed a _pro se_ supplemental brief. (Appellant's <u>Pro Se</u> Suppl. Br., Appendix). He raised the following arguments: (1) there was no probable cause and no consent for the initial search, and thus, there was no basis for the search warrant obtained after the initial

search, which violated the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution; (2) whether his Fourth Amendment right to privacy was violated by a warrantless search of his property; (3) whether his rights under the Fourth, Fifth, and Fourteenth Amendments were violated because "there are falsities, and reckless disregard for the truth[] in the application of probable cause determination for the search warrant;" (4) whether the fruit of the poisonous tree doctrine required the trial court to suppress evidence obtained by conduct violating his right to be free of unreasonable searches and seizures under the Fourth Amendment of the United States Constitution; (5) whether the court should have applied the exclusionary rule to suppress evidence obtained in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the Minnesota Constitution; (6) whether the State made the necessary showing under the inevitable discovery doctrine; (7) whether officers acted in good faith in obtaining the search warrant; (8) whether exigent circumstances justified the warrantless search and entry; and (9) whether the State failed to prove valid consent for a warrantless search in violation of Fourth Amendment to the United States Constitution.

On May 15, 2007, the Minnesota Court of Appeals affirmed the trial court. State v. Duchene, No. A06-278, 2007 WL 1412804 (Minn. Ct. App. May 15, 2007). Petitioner then filed a petition for review to the Minnesota Supreme Court. (Pet. Review Ct. Appeals' Decision, Appendix.) In his petition for review, Petitioner raised only the three issues presented in his counsel's brief to the Minnesota Court of Appeals. (Id.) He did not refer to the issues raised in

his supplemental pro se brief.[1]  The Minnesota Supreme Court denied review on August 7, 2007.

On September 12, 2007, Petitioner filed his federal habeas petition, raising three grounds for relief.  Ground One of the petition states: "Illegal Search & Seizure . . . The Search Warrant Lacked Probable Cause Because of Material Misrepresentations of Fact in the Warrant."  Specifically, Petitioner believes that the search of his premises violated his constitutional rights under the Fourth Amendment of the United States Constitution.  Ground Two of the petition states: "District Court's Failure to Grant Motion and Deny Petitioner the Constitutional Right to be Afforded a Trial Not Derailed by the State."  In support of this argument, Petitioner contends that the trial court denied him "the Fairness of Due Process of Law by denying his motion for a mistrial based on the state's failure to disclose pursuant to Minn.R.Crim.P. § 9.01 subd. 1(2)."  Ground Three of the petition states: "District Court Abused its Discretion and Denied Petitioner a Fair Trial by Allowing an Officer Who Dismantled the Meth Lab to Testify as an Expert Witness Beyond the Permissible Bounds for an Expert."  Petitioner submits that the trial court abused its discretion and violated his right to a fair trial under the Fourteenth Amendment of the United States Constitution.

In response to the habeas petition, Respondents assert that Petitioner failed to fairly present any of his federal constitutional claims to the Minnesota Supreme Court.  Respondents also argue that Petitioner's claim involving improper search and seizure under the Fourth Amendment cannot be raised in a petition for habeas corpus because Petitioner received a full

---

[1] The final sentence of the petition for review states, "[f]or the above reasons, and based on the arguments in petitioner's brief, petitioner respectfully requests an order granting review of the court of appeals' decision."  This reference does not distinguish between the brief submitted to the Minnesota Court of Appeals by petitioner's counsel or the pro se supplemental brief submitted by petitioner.

and fair opportunity to litigate the issue in state court.

Petitioner replies that he presented his federal constitutional claims to the state courts in his pro se supplemental brief, and that denial of habeas review would violate his constitutional rights.

## II.   DISCUSSION

Habeas review is available to determine whether there has been a violation of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

In 1996, Congress passed the Anti-terrorism and Effective Death Penalty Act (AEDPA), which limits habeas review to adjudications that:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A petitioner must exhaust his state court remedies before presenting claims in a federal habeas petition, and he does so by fairly presenting his federal constitutional claims to the highest available state court.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  A federal claim is fairly presented when the petitioner refers "to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue."  McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) (quoting Myre v. State of Iowa, 53 F.3d 199, 200-01 (8th Cir. 1995) (quoting Kelly v. Trickey, 844 F.2d

557, 558 (8th Cir. 1988))). A federal claim has not been fairly presented to state court "if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 32 (2004).

If a petition contains claims that have not been fairly presented, the court must then determine if those claims are unexhausted or procedurally defaulted. A claim is unexhausted if the claim has not been fairly presented in one complete round of the State's established appellate review process, O'Sullivan, 526 U.S. at 845, but the petitioner has the right, under state law, to raise the claim by any available procedure. 28 U.S.C. § 2254(c).

A constitutional claim is procedurally defaulted if it has not been fairly presented in the state courts, and the state courts will no longer review it because an independent and adequate state procedural rule precludes further litigation of the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Federal habeas review is then barred unless the prisoner can demonstrate cause and prejudice for the default, or that the failure to consider the claims will result in a fundamental miscarriage of justice. Id.

When the Minnesota Supreme Court denies a petition for review of a Minnesota Court of Appeals decision, the petitioner must determine whether his claims can be reviewed by a post conviction motion. McCall, 114 F.3d at 757. To make this determination, Minnesota courts apply the Knaffla rule which states, "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976). There are two exceptions to the Knaffla rule: (1) where a claim is so novel that its legal basis was not

reasonably available at the time of direct appeal; or (2) if the defendant did not deliberately or inexcusably fail to raise the issue in the first appeal and fairness requires review. Townsend v. State, 723 N.W.2d 14, 18 (Minn. 2006).

When a claim is procedurally defaulted in state court, the federal habeas court must determine whether the prisoner has demonstrated cause and prejudice for the default, or that the failure to consider the claims will result in a fundamental miscarriage of justice. McCall, 114 F.3d at 758. Prejudice need not be considered where petitioner has failed to fulfill the cause prong of the test. Id. The miscarriage of justice exception is only available to a petitioner who has demonstrated that a constitutional violation has probably resulted in the conviction of an innocent person. Id. If the exceptions do not apply, the procedural default cannot be excused, and the court will deny the petition without addressing the merits of the claim. Carney v. Fabian, 441 F. Supp. 2d 1014, 1029 (D. Minn. 2006).

Federal habeas petitioners face additional hurdles when raising Fourth Amendment claims. A petitioner may not raise a Fourth Amendment claim in a federal habeas petition when the state has afforded the petitioner a full and fair opportunity to litigate that claim. Poole v. Wood, 45 F.3d 246, 249 (8th Cir. 1995) (citing Stone v. Powell, 428 U.S. 465 (1976)). Fourth Amendment claims are treated differently than other constitutional claims due to the special nature of the exclusionary rule. Willet v. Lockhart, 37 F.3d 1265, 1269-70 (8th Cir. 1994). The exclusionary rule is not a personal constitutional right, but a judicially created remedy designed to discourage Fourth Amendment violations. See id. (citing Stone, 428 U.S. at 482, 486, 492). The exclusionary rule can also work against the truth-finding process because it can result in the exclusion of evidence that is typically reliable and probative of guilt. Id. at 1269. Therefore,

Fourth Amendment claims are excepted from the full review provided for other constitutional claims raised in federal habeas cases. Id. The claim is barred from habeas review by the United States Supreme Court's decision in Stone unless the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system. Poole, 45 F.3d at 249.

The Court will address, in turn, whether each claim is appropriate for federal habeas review under the principles described above.

    A.    **Fourth Amendment Claim**

Respondents advance two arguments in support of dismissing Petitioner's Fourth Amendment claim. First, Respondents contend that Petitioner's Fourth Amendment claim is procedurally defaulted. Second, Respondents argue that Petitioner had an opportunity for full and fair litigation of his Fourth Amendment claim in state court, and therefore, the claim cannot be raised in a petition for habeas relief.

On October 5, 2004, Petitioner moved the trial court to suppress evidence on the grounds that he did not consent to the search and that the search warrant was not supported by probable cause. The court denied the motion. Petitioner raised his Fourth Amendment claim again on direct appeal, and the Minnesota Court of Appeals denied the claim on the merits. Duchene, 2007 WL 1412804. Consequently, the Court finds that the State provided an adequate procedure by which Petitioner litigated his Fourth Amendment claim, and he is not entitled to review of the claim by a federal habeas court. See Willett v. Lockhart, 37 F.3d 1265, 1273 (8th Cir. 1994) (finding a Fourth Amendment claim unreviewable by federal habeas court). Accordingly, Petitioner's Fourth Amendment claim should be denied for this reason, and the Court need not

address the issue of procedural default.

### B. Due Process Claim Based on Trial Court's Failure to Grant Mistrial in Response to Discovery Violation

Respondents assert that Petitioner failed to fairly present the federal nature of his due process claim to the Minnesota Supreme Court, and the claim is therefore procedurally defaulted. Upon review of the Petition for Review of the Decision of the Court of Appeals, the Court agrees. Petitioner framed the issue to the Minnesota Supreme Court simply as whether the trial court erred by denying his motion for a mistrial. Petitioner did not mention a federal law, a federal case, a state case discussing federal law, or the federal constitution in support of this claim.

Even if Petitioner had cited, in his brief to the Minnesota Court of Appeals, a state law case, which referred to a federal constitutional right of due process to present a meaningful defense, such a claim is not fairly presented if the federal nature of the claim is not present in a petition or brief to the Minnesota Supreme Court and if the court would have to read cases cited in the briefs to discover the federal nature of the claim. See Baldwin, 541 U.S. at 32 (holding that a petitioner cannot require a state supreme court to read the opinion below to discover the federal nature of claim). The fair presentation requirement does not impose an unreasonable burden upon state prisoners, who need only label the claim "federal." Id. Thus, Petitioner did not fairly present his federal due process claim in Ground Two of the petition, and the claim is unexhausted.

The Court turns to whether this unexhausted claim is procedurally defaulted. Petitioner could easily have presented the federal nature of his due process claim by stating in his petition for review to the Minnesota Supreme Court that the claim arises under the Due Process Clause of

the United States Constitution, by mentioning the Fifth and Fourteenth Amendments of the United States Constitution, or by citing a federal case. This claim can no longer be raised in a post conviction motion in state court because the federal nature was known but not raised throughout the direct appeal process. See Knaffla, 243 N.W.2d at 741 (precluding post conviction proceeding for claims known but not raised on direct review). Therefore, the claim is procedurally defaulted and can only be addressed by this Court if Petitioner shows cause and prejudice to excuse the default, or new evidence of actual innocence. See Coleman, 501 U.S. at 750 (discussing default pursuant to an independent and adequate state procedural rule).

Petitioner has not attempted to show cause and prejudice to excuse the default nor has he shown actual innocence. Instead, Petitioner argues that he did not fail to raise any and all federal constitutional claims to the Minnesota Supreme Court, citing to the federal claims in his pro se brief to the Minnesota Court of Appeals. This argument fails for two reasons. First, Petitioner's pro se brief addressed only his Fourth Amendment Claim, not his right to present a meaningful defense or his objection to the expert testimony. Second, as discussed above, it is insufficient to assume the state supreme court will read the opinion and briefs of the courts below; the federal nature of the claims must be presented to the state supreme court.

Petitioner argues that he is entitled to habeas review, and to deny him such a constitutional right would be a fundamental miscarriage of justice pursuant to Coleman, 501 U.S. at 750. (Pet'r's Reply at 5.) Petitioner also states, "[i]t is more likely that a constitutional violation in fact occurred and has resulted in the current conviction of Petitioner Roy Michael Duchene, who is actually innocent of the charged offense(s)." Id. (citing Bronlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995). However, Petitioner has not offered evidence of actual innocence;

10

thus, he has not met the burden of showing a fundamental miscarriage of justice to excuse a procedural default. See Schlup v. Delo, 513 U.S. 298, 327 (1995) (petitioner must show that it was more likely than not that no reasonable juror would have convicted him in light of new evidence). Therefore, the claim in Ground Two of the petition should be dismissed.

### C. Expert Testimony Claim

Petitioner's final claim for habeas relief is that the trial court denied him a fair trial by allowing the state's expert to testify beyond the permissible bounds of expert testimony. Like the due process claim discussed above, Respondents argue that Petitioner failed to make the federal nature of his expert testimony claim known to the Minnesota Supreme Court in his petition for review. Respondents are correct. Nothing in the petition for review to the Minnesota Supreme Court alerts the court to the federal nature of this claim. Thus, the federal nature of this claim was not fairly presented, and the claim is not exhausted.

This claim is also procedurally defaulted. Petitioner was aware of this claim, and he should have been aware that the claim could have been brought as a federal due process claim to the Minnesota Court of Appeals and Minnesota Supreme Court at the time he filed his direct appeals. Because he failed to do so, he is now barred by the Knaffla rule from presenting the claim in a motion for post conviction relief. Therefore, this claim is procedurally defaulted. See Coleman, 501 U.S. at 750. For the same reasons discussed above in connection with Ground Two, Petitioner has failed to excuse the procedural default of his expert testimony claim.

### III. CONCLUSION

The Court concludes that Ground One of the petition is inappropriate for habeas review because Petitioner adequately litigated his Fourth Amendment claim in state court. Grounds

Two and Three of the petition fail because they were not fairly presented as federal claims to the Minnesota Supreme Court, and thus, they are procedurally defaulted. Petitioner has not shown actual innocence or cause and prejudice to excuse the default.

Based upon all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Application for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1) be **DENIED**;

2. Respondents' Motion to Dismiss (Doc. No. 5) be **GRANTED**;

3. Petitioner's Motion to Dismiss Respondents' Answer and Motion to Dismiss (Doc. No. 7) be **DENIED**; and

4. This action be **DISMISSED WITH PREJUDICE**.

Dated: March 14, 2008

       s/ Susan Richard Nelson
       SUSAN RICHARD NELSON
       United States Magistrate Judge

Under District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by  March 31, 2008 , a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.